## Dauphin Deposit Trust Co., Executor, v. The Equitable Life Assurance Society of the United States.

*John R. Geyer* and *Paul G. Smith*, for plaintiff.

*Snyder, Miller & Hull*, for defendant.

Fox, J., July 10, 1930.—In this case the plaintiff's statement of claim avers in substance that the defendant executed and delivered two contracts of life insurance with Edward M. Broomhall, therein named as the insured, thereby agreeing to pay to the assured's administrator, executor, etc., as beneficiary the sum of $7500 on the one policy and $12,000 on the other, in the event of the death of the insured prior to May 11, 1923; that the stipulated premiums were duly paid, and that the said Edward M. Broomhall died testate on January 25, 1929, nominating the above mentioned trustee as the executor of his last will and testament, the two policies being in full force and effect at the time of death, and upon demand defendant refused to make payment.

To this statement an affidavit of defense was filed which admitted the issuance of said contracts, the payment of the premiums, the death of the insured, letters testamentary issued to the plaintiff and demand for payment. Defendant denies, however, that it is indebted to the plaintiff in the sum of $20,000, or any other sum, saving and excepting only the amount of the premiums paid upon said policies; avers a legal tender by the defendant to the plaintiff on or about March 26, 1929, for the total amount of the premiums so paid with interest thereon, which was refused by the plaintiff; and sets forth as "new matter" in substance that the said Edward M. Broomhall procured the issuance of said policies of life insurance by the defendant by means of false and fraudulent material representations made by him to the defendant in his applications for the policies of insurance on his life, in answer to material inquiries concerning his insurability before one of the defendant's medical examiners, all in writing, which false answers were believed by the defendant and induced it to enter into the contracts; that the policies were in force until about March 1, 1929, when the defendant, on account of said fraud being discovered by it, elected to rescind the said contracts, and on March 26, 1929, notified plaintiff of its election to do so; that on April 2, 1929, when this action was instituted by the plaintiff therein, no policy contracts existed between the plaintiff and the defendant.

This matter now comes before us upon a motion to strike from the record a part of the affidavit of defense, to wit: "(a) The phrase 'new matter' found on page 3 thereof; (b) The endorsement on said Affidavit of Defense, as follows: 'To the within Plaintiff: You are required to file a reply to the within new matter within fifteen days from the service hereof. Geo. Ross Hull, Snyder, Miller & Hull.' "

The plaintiff admits the defense of fraud thus set up is new matter and must be specially pleaded. It contends, however, that it is a denial only of the truthfulness of the answers contained in the application, which is a part of the contract and pleaded by the plaintiff, and, therefore, under section fourteen of the Practice Act of 1915, as amended by the Act of April 22, 1929, P. L. 627, although new matter, is not to be set up as new matter so as to require a reply by the plaintiff as provided for in section fifteen of the said act.

We do not agree with this contention of the plaintiff. The defendant has set up more than a denial of the averments of the truthfulness of the answers contained in the applications. He not only alleges the untruthfulness of the answers but that the insured knew them to be untruthful and intended by the false answers to induce the defendant to enter into the contract with him, which it did, and thereby worked such a fraud upon the defendant that the contracts may be avoided. It goes much further than merely a denial of the said averments contained in the application. It may be that in a case where such fraud is alleged in an affidavit of defense and set up as new matter, as in the instant case, in his reply, the plaintiff may admit the fraud averred and thus put an end to the case.

We have found no case nor have we been directed to any of our own state determining the question now before us under our Practice Act. That the defense set up here is new matter and should be specially pleaded is well established: 21 R. C. L. 567; 49 C. J. 294; Pino v. Merchants Mutual Ins. Co., 92 Am. Dec. 529; Oak Lane Country Day School v. Virginia F. & M. Ins. Co., 8 D. & C. 194, in which Williams, J., has cited many pertinent authorities.

Wherefore, we are of the opinion that the averment of fraud is properly pleaded as "new matter" under sections fourteen and fifteen of the Practice

Act, as amended, and under section seven of the said act the plaintiff, being an executor, must reply only as therein provided.

And now, July 10, 1930, upon due consideration, it is hereby ordered, adjudged and decreed that the motion to strike from the record the parts therein mentioned of the affidavit of defense is overruled, and that the plaintiff file a reply to the new matter within fifteen days from the filing hereof.

From Homer L. Kreider, Harrisburg, Pa.